

FILED
JAN 16 2015
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

KEYON SANTE HARDY,

    Petitioner,

v.                               Civil Action No. 3:13CV747

HAROLD CLARKE,

    Respondent.

### MEMORANDUM OPINION

Keyon Sante Hardy, a Virginia inmate proceeding pro se, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter is currently proceeding on Hardy's Amended § 2254 Petition ("§ 2254 Petition," ECF No. 22). In his § 2254 Petition, Hardy contends that he has failed to receive the proper credit against his sentence for time spent in custody. Specifically, Hardy asserts entitlement to relief upon the following grounds:[1]

Claim 1    "Denial of equal protection . . . [and] due process . . . Code 53.1-187 states I shall nevertheless receive credit for time if the court that imposed the sentence fails to provide for the credit authorized by this section. I have the waiver of extradition that show I waived extradition on 10/27/10 and not 4/11/11. I have been denied access to the courts." (§ 2254 Pet. 6.)

Claim 2    "The dates of 4/26/10-8/4/10 and 8/3/10-9/17/11 and 10/9/12-10/23/12 are missing. Code 53.1-187 [Virginia]

---

[1] Where possible, the Court corrects the spacing, capitalization and punctuation in the quotations from Hardy's submissions.

                knows and placed a hold on me on 9/2/10. I waived extradition on 10/27/10. They won't give me the credit. It's not on my jail credit sheet. I was released on 9/17/11 not 8/22/11 or 4/14/11. I was not released on 8/22/11. I have the violation report from [the probation office] that states my proof." (Id. at 7-8.)

Claim 3    "Why won't [Virginia] uphold the plea agreement from 10/27/10 or give me a cop[y] of it? If they produce the plea agreement from 10/27/10, this plea proves my claim that they agreed to give me the credit and even if they say it doesn't exist, I have attached the missing link waiver of extradition form." (Id. at 9.)

Claim 4    "I was over sentenced by Judge Padrick. Judge Padrick revoked my original sentence and sentenced me to 2 years 10 months. I have less time than that. They did not compute my time correctly and they won't uphold the agreement from 10/27/10 or give a cop[y] of the agreement." (Id. at 11.)

Respondent has moved to dismiss on the grounds that Hardy failed to exhaust his state court remedies and that Hardy's claims lack merit. As explained below, given the inadequacy of the current briefing, the Motion to Dismiss will be denied.

## I. EXHAUSTION AND PROCEDURAL DEFAULT

The exhaustion requirement "'is rooted in considerations of federal-state comity,'" and in the Congressional determination reflected in the federal habeas statutes "that exhaustion of adequate state remedies will 'best serve the policies of federalism.'" Slavek v. Hinkle, 359 F. Supp. 2d 473, 479 (E.D. Va. 2005) (quoting Preiser v. Rodriguez, 411 U.S. 475, 491-92 & n. 10 (1973)). The purpose of the exhaustion requirement is "to

2

give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Picard v. Connor, 404 U.S. 270, 275 (1971) (internal quotation marks omitted). Exhaustion has two aspects. First, a petitioner must utilize all available state remedies before he can apply for federal habeas relief. See O'Sullivan v. Boerckel, 526 U.S. 838, 844-48 (1999). For its part Congress has declared that a habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

The second aspect of exhaustion requires a petitioner to have offered the state courts an adequate "'opportunity'" to address the constitutional claims advanced on federal habeas. Baldwin v. Reese, 541 U.S. 27, 29 (2004) (quoting Duncan v. Henry, 513 U.S. 364, 365 (1995)) (additional internal quotation marks omitted). "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." Id. (quoting Duncan, 513 U.S. at 365-66). Fair presentation demands that a petitioner must present "'both the operative facts and the controlling legal principles' associated with each claim" to the

3

state courts. Longworth v. Ozmint, 377 F.3d 437, 448 (4th Cir. 2004) (quoting Baker v. Corcoran, 220 F.3d 276, 289 (4th Cir. 2000)). The burden of proving that a claim has been exhausted in accordance with a "state's chosen procedural scheme" lies with the petitioner. Mallory v. Smith, 27 F.3d 991, 994, 995 (4th Cir. 1994).

"A distinct but related limit on the scope of federal habeas review is the doctrine of procedural default." Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998). This doctrine provides that "[i]f a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." Id. (citing Coleman v. Thompson, 501 U.S. 722, 731-32 (1991)). A federal habeas petitioner also procedurally defaults claims when he or she "fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" Id. (quoting Coleman, 501 U.S. at 735 n.1). Under these circumstances, even though the claim has not been fairly presented to the Supreme Court of Virginia, the exhaustion requirement is "technically met."

4

Hedrick v. True, 443 F.3d 342, 364 (4th Cir. 2006) (citing Gray v. Netherland, 518 U.S. 152, 161-62 (1996)).

The burden of pleading and proving that a claim is procedurally defaulted rests with the state. Jones v. Sussex I State Prison, 591 F.3d 707, 716 (4th Cir. 2010) (citing cases). Absent a showing of cause and prejudice or a fundamental miscarriage of justice, this Court cannot review the merits of a defaulted claim. See Harris v. Reed, 489 U.S. 255, 262 (1989).

Respondent correctly notes that Hardy has failed to satisfy the exhaustion requirement because, inter alia, Hardy has failed to present any of his claims to the Supreme Court of Virginia. Respondent, however, fails to address why the exhaustion requirement has not been "technically met." Hedrick, 443 F.3d at 364 (citing Gray, 518 U.S. at 161-62). Here, a number of Virginia procedural rules would appear to preclude the Virginia Courts from considering the merits of Hardy's claims. See, e.g., Va. Code Ann. § 8.01-654(A)(2) (West 2014); Va. Code Ann. § 8.01-654(B)(2) (West 2014); Booker v. Dir. of Dep't of Corr., 727 S.E.2d 650, 651 (Va. 2012). Accordingly, the Court declines to dismiss Hardy's claims for lack of exhaustion.

## II. **MERITS ANALYSIS**

Respondent avoids, rather than addresses, the merits of Hardy's claims.[2]

On April 26, 2010, the Circuit Court of the City of Virginia Beach ("Circuit Court") sentenced Hardy to three years of imprisonment for possession of a Schedule I or Schedule II controlled substance. Commonwealth v. Hardy, No. CR09-1214, at 1 (Va. Cir. Ct. May 6, 2010). Thereafter, Hardy apparently absconded from Virginia and committed new offenses in North Carolina. According to a Memorandum from the Department of Corrections Adult Probation and Parole District 23 to the Circuit Court ("Probation Memorandum"), filed with the Circuit Court on May 5, 2011:

> On August 30, 2010, Hardy was arrested in Currituck County, North Carolina, on the charges of Conspiracy to Obtain Controlled Substance by Fraud/Forgery(x2), Trafficking, Opium or Heroin, and Felony Conspiracy. On April 11, 2011, in Currituck County Superior Court in North Carolina, Hardy was convicted of one count of Conspiracy to Obtain Controlled Substances by Fraud/Forgery. [The remaining charges were dismissed.] Hardy was extradited from North Carolina to Virginia on April 14, 2011. Hardy is currently in the Virginia Beach City Jail.

---

[2] Respondent fails to even acknowledge that Hardy has a fourth claim. Furthermore, although a recitation of Hardy's criminal proceedings is necessary for any analysis of Hardy's claims, Respondent provides no such recitation for the Court. Rather, Respondent simply had the Circuit Court's record forwarded to the Court and left the Court to task of distilling the pertinent facts from that record.

Probation Memorandum at 1, Commonwealth v. Hardy, No. CR09-1214 (Va. Cir. Ct. filed May 5, 2011).

By Order entered on March 13, 2013, the Court revoked Hardy's suspended sentence and imposed the unserved portion of the Hardy's original three-year sentence. Commonwealth v. Hardy, No. CR09-1214, at 1 (Va. Cir. Ct. Mar. 13, 2013). The Circuit Court further ordered that Hardy "shall be given credit for time spent in confinement while awaiting trial pursuant to code § 53.1-187." Id.[3]

Although inartfully pled, each of Hardy's claims evinces his belief that he failed to receive proper credit against his Virginia sentence for time he spent in custody. Nevertheless, Respondent fails to address the merits of this contention and instead obtusely advances frivolous arguments. For example, Respondent suggests that Hardy's claims "would not affect the lawfulness of his immediate custody. . . . [and] do not lie in habeas" and he should pursue his claims under 42 U.S.C. § 1983. (Mem. Supp. Mot. Dismiss 4.) This is simply wrong. Hardy's claims seek to challenge the duration of his confinement. The Supreme Court "has held that a prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement. He must seek federal habeas corpus relief . . .

---

[3] The Court declines, in the first instance, to scour the record to ascertain the dates Hardy allegedly spent in confinement.

7

instead." Wilkinson v. Dotson, 544 U.S. 74, 78 (2005) (internal citations and quotation marks omitted).

Respondent then merely recites the standard of review set forth in 28 U.S.C. § 2254(d)(1)-(2) and asks the Court to dismiss because Hardy fails to satisfy that standard. Respondent, however, provides absolutely no analysis that indicates that the Virginia Department of Correction has properly executed Hardy's sentence. Respondent's argument is entirely unsatisfactory. The Motion to Dismiss (ECF No. 26) will be denied.

### III. OUTSTANDING MOTIONS AND FURTHER PROCEEDINGS

Hardy has filed a Motion for Discovery (ECF No. 30), a Motion to Supplement the Record (ECF No. 31), a Motion to Appoint Counsel (ECF No. 36), a Motion for Leave to File an Amended Complaint (ECF No. 37) and a Memorandum in Support of Petition for a Writ of Habeas Corpus (ECF No. 39). Hardy's Motion to Supplement the Record (ECF No. 31) will be granted. Nevertheless, for the reasons set forth below, Hardy's remaining motions will be denied.

The parties must begin to shoulder their responsibilities in this litigation. Hardy must clearly articulate and substantiate his claims for relief in a single document. Respondent must file an adequate response to those claims.

Accordingly, within thirty (30) days of the date of entry hereof:

    1.    Hardy is directed to file a Brief in Support of his § 2254 Petition ("§ 2254 Brief");

    2.    The § 2254 Brief shall set forth each of Hardy's grounds for relief in a separate paragraph. For each ground for relief, Hardy must clearly set forth the facts that support that ground for relief; and,

    3.    For any ground where Hardy demands credit against his Virginia Beach sentence for time spent in confinement, Hardy must:
(a) Clearly identify the period of time for which he seeks credit;
(b) Identify where he was confined and on what charge during the period(s) of time for which he seeks credit; and,
(c) Explain why he believes he is entitled to time against the Virginia Beach Sentence for that period of confinement.

Hardy must direct the Court to any documents that support his position for 3(a) through (c) above. Failure to strictly comply with the requirements set forth below will result in the dismissal of the action. See Fed. R. Civ. P. 41(b).

The Court's consideration of Hardy's grounds for habeas relief will be limited solely to the forthcoming § 2254 Brief. Hardy's Motion for Leave to File an Amended Complaint (ECF No. 37) will be denied. Hardy's motions seeking discovery (ECF Nos. 30, 40) will be denied without prejudice.

Respondent shall file his Answer to, or a new Motion to Dismiss, the petition within thirty (30) days after Hardy serves his new § 2254 Brief. Respondent, inter alia, shall provide,

9

with supporting documentation, a complete accounting of the execution of Hardy's Virginia Beach Sentence.

The interests of justice do not warrant the appointment of counsel. See 18 U.S.C. § 3006A(a)(2)(B). Accordingly, the Motion to Appoint Counsel (ECF No. 36) will be denied.

The Clerk is directed to send a copy of the Memorandum Opinion to Hardy and counsel for Respondent.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: January 15, 2015

10